UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY ANGEL ARVISO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO COUNTY SHERIFF DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-0469-MJS<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 5<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

　　On April 1, 2013, Benny Angel Arviso ("Plaintiff"), an individual proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

　　Plaintiff appears to be a pretrial detainee.[1]  Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

**I.    SCREENING REQUIREMENT**

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that

---

[1] Plaintiff is not clear about his current status.  In his amended complaint Plaintiff should explain if he is a pretrial detainee, civil detainee, or regular prison inmate.

1

are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## II.   PLAINTIFF'S CLAIMS

Plaintiff is currently housed in Fresno County Jail in Fresno, California. Plaintiff names the following individuals as defendants: 1) Fresno County Sheriff's Department, 2) Corp. Mike Mills, 3) Doe medical nurse, 4) Doe officers, and 5) Doe second floor sergeant. Plaintiff does not state the statutory basis for his claims.

Plaintiff's allegations are as follows:

An unspecified individual injured Plaintiff. The Doe officers saw Plaintiff's injuries but refused to provide him with treatment. Plaintiff was left in an elevator alone for a few hours. The Doe medical nurse refused to provide him with treatment for ten days.

Plaintiff asks for his legal mail to the Court to be monitored.[2]

///

---

[2] Plaintiff asks the Court to order parties not before the Court to take certain actions. This does not reflect a request for relief the Court can grant. The Court can act only with regard to parties properly brought before it, and the Complaint must be clear as to what is being requested from them.

### III. ANALYSIS

#### A. 42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

#### B. Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has not linked any defendant to his claims. Plaintiff will be given leave to amend his Complaint and in his amended complaint he should explain how each named defendant personally participated in the deprivation of his rights

### C. *Monell* Liability

Plaintiff has named the Fresno County Sheriff's Police Department as a defendant in this action. Plaintiff should be aware that he must meet the requirements set forth below before he can allege any specific constitutional claims against this defendant:

A municipality is considered a "person" under Section 1983 and may be liable for causing a constitutional deprivation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1992); Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). A municipality may not be sued under 42 U.S.C. § 1983 solely because an injury was inflicted by its employees or agents, however. Monell, 436 U.S. at 694. It is only when execution of a government's policy or custom inflicts the injury that the municipality as an entity is responsible. Id. "A policy is a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Long, 442 F.3d at 1185 (internal quotation marks and citations omitted).

To state a claim for municipal liability for the failure to protect an individual's constitutional rights, the plaintiff must establish facts indicating the following: (1) the plaintiff possessed a constitutional right, of which he was deprived, (2) the municipality had a policy, (3) the municipal policy amounts to deliberate indifference to the plaintiff's constitutional right, and (4) the municipal policy is a moving force behind the constitutional violation. Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

Plaintiff has not met any of the requirements at this stage of the litigation. Before filing an amended complaint, Plaintiff should review the standard set forth above and determine whether he will be able to state a claim against the Fresno County Sheriff's Police Department. If he is unable to do so, he may nevertheless proceed to try to allege claims against specific individuals in county law enforcement for actions taken by them against Plaintiff which violated his rights.

///

///

**D. Claims**

At this stage of the proceedings, it is not clear what claims Plaintiff wishes to bring in this action. Plaintiff suggests that a defendant injured him and other defendants failed to treat his injuries. However Plaintiff does not directly allege a statutory basis for any of his claims. Accordingly, the Court will provide Plaintiff with the legal standards applicable to the type of claims it appears Plaintiff wants to assert. Plaintiff should review these standards and follow them if he chooses to file an amended complaint.

1. Excessive Force

It is unclear whether he was a convicted prisoner or a pretrial detainee at the time of the events in question. The Eighth Amendment's prohibition against cruel and unusual punishment only protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). It is the Due Process Clause of the Fourteenth Amendment that protects pretrial detainees from the use of excessive force which amounts to punishment, Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir. 2002) (citing Graham, 490 U.S. at 395 n.10), and the Fourth Amendment sets the applicable constitutional limitations for considering such claims, Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003) (citing Gibson, 290 F.3d at 1198) (quotation marks omitted).

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at 9-10; Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

In resolving claims of excessive force brought by pretrial detainees, the Fourth Amendment's objective reasonableness standard applies. Lolli, 351 F.3d at 415. The inquiry is whether defendants' actions were objectively reasonable in light of the facts and

1  circumstances confronting them, without regard to their underlying intent or motivation.  Id.
2  (citing Graham, 490 U.S. at 397) (quotation marks omitted).  The nature and quality of the
3  intrusion on Plaintiff's Fourth Amendment interests must be balanced against the
4  countervailing governmental interests at stake.  Id. (citing Graham, 490 U.S. at 397)
5  (quotation marks omitted).  Factors may include the severity of the incident giving rise to the
6  use of force, whether Plaintiff posed an immediate threat to the safety of defendants or
7  others, and whether Plaintiff was actively attempting to avoid being subdued or brought
8  under control.  See Gibson, 290 F.3d at 1198 (citation omitted).

        2.  Failure to Intervene

10       The failure to intervene can support an excessive force claim where the bystander-
11  officers had a realistic opportunity to intervene but failed to do so.  Lolli, 351 F.3d at 418;
12  Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d
13  1436, 1442 (9th Cir. 1995); see also Motley v. Parks, 383 F.3d 1058, 1071 (9th Cir. 2004)
14  (neither officers who participated in the harassing search nor officers who failed to intervene
15  and stop the harassing search were entitled to qualified immunity).

        3.  Inadequate Medical Care

17       As a pretrial detainee, Plaintiff is protected from conditions of confinement which
18  amount to punishment.  Bell, 441 U.S. at 535-36; Simmons, 609 F.3d at 1017-18; Clouthier
19  v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010).  While pretrial detainees'
20  rights are protected under the Due Process Clause of the Fourteenth Amendment, the
21  standard for claims brought under the Eighth Amendment has long been used to analyze
22  pretrial detainees' conditions of confinement claims.  Simmons, 609 F.3d at 1017-18;
23  Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998)

24       "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an
25  inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439
26  F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The
27  two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need'
28  by demonstrating that 'failure to treat a prisoner's condition could result in further significant

injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

In addition to a serious medical condition, Plaintiff must also establish deliberate indifference. To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson, 290 F.3d at 1188).

## IV. CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with an opportunity to amend to cure the deficiencies in his claim. Lopez v. Smith, 203 F.3d at 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it

7

must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

    Accordingly, it is HEREBY ORDERED that:

    1.    The Clerk's Office shall send Plaintiff a complaint form;

    2.    Plaintiff's Complaint, filed April 1, 2013, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

    3.    Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

    4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   June 27, 2013              /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE