1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| BENNY ANGEL ARVISO, | ) | Case No.: 1:13-cv-0469-MJS |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING PLAINTIFF'S FIRST |
| | ) | AMENDED COMPLAINT, WITH LEAVE TO |
| v. | ) | AMEND, FOR FAILURE TO STATE A CLAIM |
| | ) | |
| FRESNO COUNTY SHERIFF | ) | ECF No. 9 |
| DEPARTMENT, et al., | ) | |
| | ) | AMENDED COMPLAINT DUE WITHIN |
| Defendants. | ) | THIRTY DAYS |

On April 1, 2013, Benny Angel Arviso ("Plaintiff"), an individual proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (Compl., ECF No. 1.) [1]

The Court screened Plaintiff's Complaint (ECF No. 1), dismissed it for failure to state a claim, but gave leave to amend (ECF No. 8).  Plaintiff has since filed a First Amended Complaint.  (ECF No. 9.)  Plaintiff's First Amended Complaint is now before the Court for screening.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a

---

[1] Plaintiff leaves unclear his incarceration status at the time of the incidents alleged in his First Amended Complaint.  Though the incidents occurred while he was held in a county facility, Plaintiff suggests he was held there on a post-conviction parole violation.  Accordingly, the Court will analyze his claims under the standards applicable to post-conviction inmates.  If in fact Plaintiff complains about events that occurred during pre-conviction detention, he should so inform the Court in his amended pleading.

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal  .  .  .  fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

## II.   PLAINTIFF'S CLAIMS

Plaintiff was previously housed in Fresno County Jail in Fresno, California.   Plaintiff names the following individuals as defendants: 1) Corp. Mike Mills, of the Fresno County Jail, and 2) Sergeant Capps, of the Fresno County Sheriff's Department.[2]  Plaintiff does not state the statutory basis for his claims.

Plaintiff's allegations are as follows:

Defendant Mills head-butted Plaintiff on April 1, 2005, while Plaintiff was housed at Fresno County Jail.  Defendant Capps was aware Plaintiff had been injured by Defendant Mills,  but ignored Plaintiff's request for pain medication and mental health care.

Plaintiff asks to be compensated for his injuries.

---

[2] The Fresno County Sheriff's Department is listed in the caption of Plaintiff's First Amended Complaint. Plaintiff does not otherwise identify the entity as a defendant or include any allegations against it.  Accordingly, the Court will not treat it as a party in this action.

2

III.   **ANALYSIS**

A.  **42 U.S.C. § 1983 Claims**

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

B.  **Eighth Amendment – Excessive Force**

Plaintiff appears to allege an Eighth Amendment violation against Defendant Mills for the improper use of excessive force.

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

3

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7.  The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response.  See Whitley, 475 U.S. at 321.  The absence of significant injury alone is not dispositive of a claim of excessive force.  See Wilkens v. Gaddy, 559 U.S. at 34.  "Neither accident nor negligence constitutes cruel and unusual punishment, as '[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause.'"  Williams v. Ramirez, 2009 WL 1327515, *3 (E.D.Cal. May 12, 2009) (quoting Whitley, 475 U.S. at 319).

The limited facts pled do not state an Eighth Amendment claim against Defendant Mills.  Plaintiff alleges that Defendant Mills head-butted and injured him.  He does not explain what led to the incident, what if any reasons were given for Defendant's actions, whether there was any threat to jail staff or other inmates at the time of the incident, or if Defendant Mills made an effort to temper the severity of the force used.  The facts pled do not reveal that Defendant Mills's alleged actions were malicious, sadistic, or violated contemporary standards of decency.

Plaintiff has failed to state an Eighth Amendment excessive force claim against Defendant Mills.  He will, however, be given **one final opportunity** to amend this claim.  In his amended complaint, Plaintiff needs to explain where exactly this incident occurred; describe Plaintiff and Defendant Mills's locations, words, and actions immediately preceding and leading up to the head-butting; specify the reasons given by Defendant Mills or others for Mills's actions; and describe precisely what Defendant Mills did and why Plaintiff thinks those acts were so extreme as to rise to the level of excessive force.

### C.   **Eighth Amendment – Inadequate Medical Care**

Plaintiff appears to allege that Defendant Capps subjected Plaintiff to inadequate medical care in violation of the Eighth Amendment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

In addition to a serious medical condition, Plaintiff must also establish deliberate indifference.  To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id.  (quoting Gibson, 290 F.3d at 1188).

Plaintiff has failed to state an Eighth Amendment medical care claim against Defendant Capps.  He has not alleged a serious medical condition. He does not include facts which would support a claim of deliberate indifference.  Plaintiff does not provide the Court with facts sufficient to show the injury was such as to constitute a serious medical condition or how and why it necessitated pain medication and mental health care.  He fails to allege facts to show Defendant Capps was aware of the serious nature of the injury and Plaintiff's need for medical care and that Defendant Capps was in a position to do something about it.

Plaintiff will be given **one more opportunity** to amend his Eighth Amendment medical care claim against Defendant Capps.  In his amended complaint, Plaintiff should provide additional details about the injury, how he made Defendant Capps aware of the extent of the

injury, what Defendant Capps's position was and how and why he could and should have responded to Plaintiff's need for medical care, and describe the response he made to Plaintiff.

## IV.   **CONCLUSION AND ORDER**

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted under § 1983.  The Court will provide Plaintiff with another opportunity to amend to cure the deficiencies in his claim.  Lopez v. Smith, 203 F.3d at 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. 676-677.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Plaintiff's First Amended Complaint, filed July 15, 2013, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3.     Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///
///

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   December 1, 2013        /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE