UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY ANGEL ARVISO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO COUNTY SHERIFF DEPARTMENT, et al.,<br><br>　　　　Defendants. | CASE NO. 1:13-cv-0469-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF NO. 12)** |

　　　　Plaintiff is a former state inmate proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction.

　　　　The Court screened Plaintiff's complaint (ECF No. 1), dismissed it for failure to state a claim, but gave leave to amend. (ECF No. 8.) The Court subsequently screened Plaintiff's first amended complaint (ECF No. 9), dismissed it for failure to state a claim, but gave leave to amend. (ECF No. 10.)

　　　　Plaintiff has since filed a second amended complaint (ECF No. 12), which is before the Court for screening.

## I.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

2

are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III.    PLAINTIFF'S ALLEGATIONS

Plaintiff was previously housed in Fresno County Jail, where the incidents giving rise to his complaint occurred. Plaintiff names the following individuals as defendants: 1) Corporal Mike Mills of the Fresno County Jail, and 2) Sergeant Capps of the Fresno County Sheriff's Department.[1]  Plaintiff does not state the statutory or constitutional basis for his claims.

Plaintiff's allegations can be summarized essentially as follows:

On the morning of July 4, 2002, Plaintiff lined up for mealtime but Defendant Mills ordered him back to his cell. Plaintiff complied and, thirty to forty minutes later, Defendant Mills came to Plaintiff's cell with another officer and escorted Plaintiff to the intake area. Defendant Mills ordered Plaintiff to put his hands behind his back and stand next to the wall. Defendant Mills screamed at Plaintiff and challenged him to a fight. Defendant Mills removed his service belt, radio, badge, and glasses. Defendant Mills then head butted Plaintiff twice, causing injury to Plaintiff's nose, head, and neck. At no time during the incident was Plaintiff a threat to other inmates or officers.

---

[1] The Fresno County Sheriff's Department is listed in the caption of Plaintiff's second amended complaint. Plaintiff does not otherwise identify the entity as a defendant or include any allegations against it. Accordingly, the Court will not treat it as a party in this action.

Plaintiff received medical attention and was transferred to a lock down cell. Plaintiff had a lump behind his head and a swollen face. Approximately one day following the incident, Plaintiff asked for assistance from unnamed nurses and Defendant Capps, who were passing out medication to other inmates. The nurses and Defendant Capps did not help him.

Plaintiff was released approximately ten days following the incident and, on the same day, filed a complaint with the Fresno County Sheriff's office regarding the incident.

Plaintiff seeks compensation for pain and suffering.[2]

## IV.   ANALYSIS

According to the complaint, Defendants' allegedly wrongful actions took place in July 2002.[3]  Plaintiff did not initiate this action until April 1, 2013.

Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Lukovsky v. City and Cnty. of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Id.; Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). The same is true with regard to § 1983 claims alleging violation of the U.S. Constitution. Alameda Books, Inc. v. City of Los Angeles, 631 F.3d 1031, 1041 (9th Cir. 2011) ("The statute of limitations applicable to an

---

[2] Plaintiff also requests that criminal charges be brought against Defendant Mills. Such relief is beyond the Court's authority.

[3] Neither Plaintiff's original complaint nor first amended complaint referenced the dates of Defendants' conduct. (ECF Nos. 1, 9.) Accordingly, the statute of limitations was not addressed in either prior screening order. (ECF Nos.8, 10.)

action pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state in which the cause of action arose.").

Although California's statute of limitations for personal injury actions was extended from one year to two years effective January 1, 2003, the two-year statute of limitations does not apply retroactively to claims that accrued prior to January 1, 2003 and, as a result, the one-year statute of limitations applies in this case. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004). Pursuant to California Code of Civil Procedure § 352.1(a), the statute of limitations for prisoners is tolled for up to an additional two years:

> If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Thus, for claims that accrued prior to January 1, 2003, incarcerated plaintiffs had up to three years from the date that the cause of action accrued in which to file suit. Additionally, California's equitable tolling doctrine, which focuses on excusable delay by a plaintiff, Lukovsky, 535 F.3d at 1051, may apply in proper circumstances, see Wallace v. Kato, 549 U.S. 384, 394-95 & n.4 (2007), to the extent not inconsistent with federal law, Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002).

Here, Defendants' conduct occurred more than ten years before Plaintiff filed his initial complaint. The complaint indicates Plaintiff knew of the existence of his possible claim at least upon his release in 2002. Plaintiff has set forth no facts suggesting he is entitled to equitable tolling. Given Plaintiff's allegations, this action is untimely and leave to amend would be futile.

Accordingly, Plaintiff's second amended complaint will be dismissed.

## V. CONCLUSION AND ORDER

Plaintiff's second amended complaint does not state a claim upon which relief may be granted. Plaintiff was advised in the prior screening order of deficiencies in his claims and was given the opportunity to correct them. Plaintiff's second amended complaint reveals that his claims are barred by the statute of limitations, and no useful purpose would be served in allowing yet another opportunity to amend.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint (ECF No. 12) is DISMISSED for failure to state a claim,

2. The action is DISMISSED WITH PREJUDICE for failure to state a claim, and

3. Any and all pending motions shall be terminated and the Clerk of the Court shall CLOSE this case.

IT IS SO ORDERED.

Dated:   July 9, 2014                         /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE