UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY ANGEL ARVISO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO COUNTY SHERIFF DEPARTMENT, et al.,<br><br>　　　　　Defendants | CASE NO. 1:13-cv-0469-MJS (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 16) |

## I.　PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983.  Plaintiff consented to Magistrate Judge jurisdiction.

Plaintiff's Second Amended Complaint was dismissed for failure to state a claim based on statute of limitations grounds.  (ECF No. 14.)  The Court found that Plaintiff's action was untimely, and on July 9, 2014 the case was dismissed without leave to amend.  (ECF Nos. 14 & 15.)

Before the Court is Plaintiff's March 27, 2015 Motion for Reconsideration (ECF No. 16.).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances'" exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (*quoting Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1103 (9th Cir. 2006)). The moving party "must demonstrate both injury and circumstances beyond his control." *Latshaw,* 452 F.3d at 1103.  In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), and "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision.  *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (*quoting Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992)).

## III.  ANALYSIS

Plaintiff's motion simply requests review of the dismissal.  It does not state a basis for review, make any argument, or present any evidence which would suggest the Court's dismissal was in error.

Plaintiff has not provided a basis for reconsideration.

## IV. CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's motion for reconsideration (ECF No. 16) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   March 31, 2015            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE